DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA EGGER, DESMOND OPARA, TION COMFORT-NWAODUH, JUDETTE AUBORG, ROSETTE BIEN-AIME, ELIZABETH A. BONGIOVANI, BARBARA Y. BOYD, ROBERT BRYANT, CAROL CONCEPCION, GERMAINE DERILUS, JEAN J. DJORDJEVIC, CAROLE EDMOND, VINCENT GAULT, JOYA GOFFE, HONESTO GRAGEDA, JR., BARBARA HOHN, JAMES INYIAMA, ZILIANA JEANTUS, REGINA K. JONES-BOOKER, SEM LERICHE, KERLINE LUBIN, JEANNE MATTHEWS, STANLEY MBATA, GAIL MCLAUGHLIN, YOLETTE MOISE, KAREN MOORE, GBANDI NIKABOU, VANA NOGUES, COMFORT N. NWAODUH, EDITH OBODO, BLESSING OGBONNA, CHRISTIAN ONONIWU, JOHN ONYETONEKWU, CHRISTIANA OREWA, WILFRED PIERRE, MARY ELLEN POLIZZANO, CYNTHIA SACCHI, SULOCHANA CHUDGAR, DARLANDE ST. SUME, PRISCILLA A. SURLES, PAULETTE TAPPER-CARROLL, EDMUND K. VANCE, and COLLETTE WOOLFORD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>RUNNELLS SPECIALIZED HOSPITAL OF UNION COUNTY,<br><br>        Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Class Action and Collective Action |

## INTRODUCTORY STATEMENT

1. Plaintiffs (collectively "the Individual Plaintiffs") bring this action, individually, collectively, and as representatives of a Class, to redress the failure of their employer the Defendant Runnells Specialized Hospital of Union County to pay them properly, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New Jersey Wage and Hour Law("WHL"), N.J.S.A. 34:11- 56a1 et seq., and the New Jersey Wage Payment Law ("WPL"), N.J.S.A. 34:11-4.1 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

3. This Court has supplementary jurisdiction over the State law causes of action pursuant to 29 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant as it is located in Berkeley Heights, New Jersey, and transacts business in this District.

5. This matter is properly venued in this Court as the Defendant's principal business office is located in Berkeley Heights, New Jersey, and the events giving rise to this claim have taken place within this District.

**PARTIES**

6. Plaintiff Barbara Egger, residing in Morris County, New Jersey is a registered nurse ("RN") who is and was employed by the defendant.

7. Plaintiff Desmond Opara, residing in Essex County, New Jersey, is a licensed practical nurse ("LPN") who is and was employed by the defendant.

8. Plaintiff Tion Comfort-Nwaoduh, residing in Essex County, New Jersey, is a Certified Nursing Assistant ("CNA") who is and was employed by the defendant.

9. Plaintiff Judette Auborg, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

10. Plaintiff Rosette Bien-Aime, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

11. Plaintiff Elizabeth A. Bongiovani, residing in Passaic County, New Jersey, is an RN who was and is employed by the Defendant.

12. Plaintiff Barbara Y. Boyd, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

13. Plaintiff Robert Bryant, residing in Union County, New Jersey, is an Institutional Attendant ("IA") who is and was employed by the Defendant.

14. Plaintiff Carol Concepcion, residing in Essex County, is an RN who was and is employed by the Defendant.

15. Plaintiff Germaine Derilus, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

16. Plaintiff Jean J. Djordjevic, residing in Union County, New Jersey, is an LPN who was and is employed by the Defendant.

17. Plaintiff Carole Edmond, residing in Essex County, New Jersey, is a CNA who was and is employed by the Defendant.

18. Plaintiff Vincent Gault, residing in Union County, New Jersey, is an IA who is and was employed by the Defendant.

19. Plaintiff Joya Goffe, residing in Union County, New Jersey, is an LPN who was and is employed by the Defendant.

20. Plaintiff Honesto Grageda, Jr., residing in Hudson County, New Jersey, is an RN who was and is employed by the Defendant.

21. Plaintiff Barbara Hohn, residing in Middlesex County, New Jersey, is a CNA who was and is employed by the Defendant.

22. Plaintiff James Inyiama, residing in Essex County, New Jersey, is a CNA who is and was employed by the Defendant.

23. Plaintiff Ziliana Jeantus, residing in Essex County, New Jersey is a CNA who was and is employed by the Defendant.

24. Plaintiff Regina K. Jones-Booker, residing in Gloucester County, New Jersey, is a CNA who was and is employed by the Defendant.

25. Plaintiff Sem Leriche, residing in Somerset, New Jersey, is a CNA who was and is employed by the Defendant.

26. Plaintiff Kerline Lubin, residing in Essex County, New Jersey, is a CNA who was and is employed by the Defendant.

27. Plaintiff Jeanne Matthews, residing in Essex County, New Jersey, is a CNA who was and is employed by the Defendant.

28. Plaintiff Stanley Mbata, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

29. Plaintiff Gail McLaughlin, residing in Union County, New Jersey, is an RN who was and is employed by the Defendant.

30. Plaintiff Yolette Moise, residing in Monmouth County, New Jersey, is an RN who was and is employed by the Defendant.

31. Plaintiff Karen Moore, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

32. Plaintiff Gbandi Nikabou, residing in Essexn County, New Jersey, is an IA who was and is employed by the Defendant.

33. Plaintiff Vana Nogues, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

34. Plaintiff Comfort N. Nwaoduh, residing in Essex County, New Jersey, is a CNA who was and is employed by the Defendant.

35. Plaintiff Edith Obodo, residing in Middlesex County, New Jersey, is an LPN who was and is employed by the Defendant.

36. Plaintiff Blessing Ogbonna, residing in Essex County, New Jersey, is a CNA who was and is employed by the Defendant.

37. Plaintiff Christian Ononiwu, residing in Essex County, New Jersey, is an IA who was and is employed by the Defendant.

38. Plaintiff John Onyetonekwu, residing in Union County, New Jersey, is an IA who was and is employed by the Defendant.

39. Plaintiff Christiana Orewa, residing in Middlesex County, New Jersey, is an RN who was and is employed by the Defendant.

40. Plaintiff Wilfred Pierre, residing in Union County, New Jersey, is an IA who was and is employed by the Defendant.

41. Plaintiff Mary Ellen Polizzano, residing in Union County, New Jersey, is an RN who was and is employed by the Defendant.

42. Plaintiff Cynthia Sacchi, residing in Somerset County, New Jersey, is an RN who was and is employed by the Defendant.

43. Plaintiff Chudgar Sulochana, residing in Union County, New Jersey, is an LPN who was and is employed by the Defendant.

44. Plaintiff Darlande St. Sume, residing in Union County, New Jersey, is a CNA who was and is employed by the Defendant.

45. Plaintiff, Priscilla A. Surles, residing in Middlesex County, New Jersey, is an RN who was and is employed by the Defendant.

46. Plaintiff Paulette Tapper-Carroll, residing in Union County, New Jersey, is an LPN who was and is employed by the Defendant.

47. Plaintiff Edmund K. Vance, residing in Union County, New Jersey, is an IA who was and is employed by the Defendant.

48. Plaintiff Collette Woolford, residing in Essex County, New Jersey, is a CNA who is and was employed by the Defendant.

49. Defendant Runnells Specialized Hospital of Union County is a health care facility located at 40 Watchung Way, Berkeley Heights, New Jersey 07922, and is an instrumentality of the County of Union, a municipal corporation.

**STATEMENT OF FACTS**

50. The Defendant currently employs or has employed each of the Individual Plaintiffs who are identified in paragraphs 6 through 48.

51. The Individual Plaintiffs are each covered employees of the Defendant within the meaning of Section 3(e)(2)(c) of the FLSA, 29 U.S.C. § 203(e)(2)(c).

52. The Defendant is a covered employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. The Individual Plaintiffs are each covered employees of the Defendant for purposes of the WHL within the meaning of N.J.S.A. 34:11-56a1(h).

54. The Defendant is a covered employer for purposes of the WHL within the meaning of N.J.S.A. 34:11-56a1(g).

55. The Individual Plaintiffs are each covered employees of the Defendant for purposes of the WPL within the meaning of N.J.S.A. 34:11-4.1(b).

56. The Defendant is a covered employer for purposes of the WHL within the meaning of N.J.S.A. 34:11-4.1(a).

57. The Individual Plaintiffs and the "FLSA Group" (as hereinafter defined) were employed by the Defendant in an activity such that Defendant is engaged in commerce with gross revenues in excess of $500,000 and is thus subject to the requirements of the FLSA.

58. The Defendant employs the Individual Plaintiffs and the FLSA Group within the meaning of 29 U.S.C. §203(g).

59. The Defendant pays the Individual Plaintiffs and its other employees including the members of the FLSA group and the Class (as hereinafter defined) on an hourly basis.

60. At all relevant times, the Defendant knew that it was required by the FLSA to pay time and one-half of the regular rate of pay to the Individual Plaintiffs and all other employees who worked in excess of 40 hours per week.

61. At all relevant times, the Defendant knew that it was required by the WHL to pay time and one-half of the regular hourly wage to the Individual Plaintiffs and all other employees who worked in excess of 40 hours per week.

62. The Defendant knew that it was required by the FLSA to maintain accurate records of the amount of wages paid to, and the amount of hours worked by, the Individual Plaintiffs and all other employees.

63. The Defendant knew that it was required by the WHL to maintain accurate records of the amount of wages paid to, and the

amount of hours worked by, the Individual Plaintiffs and all other employees.

64. As a matter of practice and policy, the Defendant regularly suffered or permitted the Individual Plaintiffs, the FLSA Group and the Class to work more than 40 hours per week.

65. Defendant issues paychecks to the Individual Plaintiffs, the FLSA Group and the Class every two weeks.

66. The Defendant did not include in the regular rate of pay as set forth in the FLSA and the regular hourly wage as set forth in the WHL various required payments including but not limited to:

   a. Shift differential,

   b. Payment for working as the charge nurse,

   c. Retroactive pay and/or

   d. Longevity.

67. As a result of the Defendant's practice and policy of failing to include such items as shift differential, payment for working as a charge nurse, retroactive and/or longevity in the regular rate of pay, the Defendant did not pay the Individual Plaintiffs and the FLSA Group at the rate of time and one-half the regular rate of pay for hours worked in excess of 40 per week as required by the FLSA.

68. As a result of the Defendant's practice and policy of failing to include such items as shift differential, payment for

9

working as a charge nurse, retroactive and/or longevity in the regular rate of pay, the Defendant did not pay the Individual Plaintiffs and the Class at the rate of time and one-half the regular hourly wage for hours worked in excess of 40 per week as required by the WHL.

69. The Defendant knew or should have known that shift differential, payment for working as the charge nurse, retroactive pay, and longevity were to be included in the regular rate of pay when computing the rate at which premium pay was to be calculated, and wilfully failed to include same in the premium pay of the Individual Plaintiffs and the other hourly employees working for the Defendant in violation of the FLSA.

70. Attached as Exhibit A is a true copy of the redacted paycheck of an RN demonstrating that this Individual Plaintiff worked more than forty hours in at least one of the weeks covered whose premium pay did not include *inter alia* the shift differential, Charge Nurse pay and longevity pay (denominated "Bonus/Reten").

71. Attached as Exhibit B is a is a true copy of the redacted paycheck of an LPN demonstrating that this Individual Plaintiff worked more than forty hours in at least one of the weeks covered whose premium pay did not include *inter alia* the shift differential and the Charge Nurse pay.

72. Attached as Exhibit C is a true copy of the redacted paycheck of a CNA demonstrating that this Individual Plaintiff worked more than forty hours in at least one of the weeks covered whose premium pay did not include *inter alia* the shift differential.

73. Attached as Exhibit D is a true copy of the redacted paycheck of an IA demonstrating that this Individual Plaintiff worked more than forty hours in at least one of the weeks covered whose premium pay did not include *inter alia* the shift differential and retroactive pay (denominated "Regular Retro").

74. The Defendant is continually staffed on a 24 hour, 7 days per week, 52 weeks per year basis.

75. The Defendant has set three basic shifts, which includes a forty-five (45) minute unpaid lunch break, during which the Individual Plaintiffs and the other employees work:

    a.   7:00 a.m. to 3:15 p.m.

    b.   3:00 p.m. to 11:15 p.m.

    c.   11:00 p.m. to 7:15 a.m.

76. The Defendant keeps records accurate to the minute of when the Individual Plaintiffs and other employees begin and end their work-day.

77. A true copy of the computer generated, redacted print-out of the record of two weeks of hours worked by an Individual Plaintiff is attached hereto as Exhibit E.

78. The Defendant has reduced the pay of the Individual Plaintiffs and other hourly employees if they leave ten minutes or less before the end of the scheduled shift. See e.g. Exhibit C.

79. The Defendant pays the Individual Plaintiffs and other hourly employees in increments of less than ten minutes. See e.g. Exhibit A.

80. The Defendant has suffered or permitted the Individual Plaintiffs, the FLSA Group, and the Class to work beyond the scheduled end of the shift ("stay-over time").

81. The Defendant has recorded the stay-over time of the Individual Plaintiffs, the FLSA Group and the Class.

82. The Defendant does not include the stay-over time of the Individual Plaintiffs, the FLSA Group and the Class when calculating the number of hours the Individual Plaintiffs, the FLSA Group and the Class work in a particular week.

83. The Defendant does not include the stay-over time of the Individual Plaintiffs, the FLSA Group and the Class when calculating the amount of premium pay due for hours worked in excess of forty (40) per week.

84. All of the Defendant's violations of the FLSA were wilful.

## FLSA COLLECTIVE ACTION

85. The Individual Plaintiffs bring this action on behalf of themselves and all current and former employees of the Defendant who were paid on an hourly basis during the previous three years including but not limited to all Registered Nurses, Licensed Practical Nurses, Certified Nursing Assistants and Institutional Aides ("the FLSA Group").

86. The Defendant is liable under FLSA for, *inter alia*, failing to properly compensate the FLSA Group for hours worked in excess of forty per week (hereinafter "overtime").

87. The FLSA Group is similarly situated to the Individual Plaintiffs because they have been or are employed in the same or similar positions to the Individual Plaintiffs; were or are subject to the same or similar unlawful pay practices as the Individual Defendants; and their claims are based upon the same legal theory as that on which the Individual Plaintiffs bring their claims.

88. While the precise number of members in the FLSA Group is known at present only to the Defendant, the FLSA Group is believed to include well over three hundred (300) individuals.

89. The Defendant's actions in failing to pay proper overtime as required by the FLSA was not uniquely applied to the Individual Plaintiffs, but rather as a policy and practice applied to hourly employees as a whole.

90. The members of the FLSA Group are known to the Defendant, are readily identifiable, and can be located through the Defendant's records.

91. There are many similarly situated current and former hourly employees of the Defendant, i.e. the FLSA Group, who have not been paid proper overtime in violation of the FLSA.

92. The members of the FLSA Group are entitled to notice of this lawsuit and should be afforded an opportunity to opt-in, pursuant to 29 U.S.C. § 216(b).

## **CLASS ALLEGATIONS**

93. The Individual Plaintiffs bring this action, pursuant to Fed.R.Civ.P. 23 on behalf of themselves and all other persons similarly situated for the violations of the WHL and the WPL set forth in this Complaint.

94. The Individual Plaintiffs seek to represent a class consisting of all persons who, within the limitations period, were employed by the Defendant ("the Class") in hourly positions, including but not limited to all Registered Nurses, Licensed Practical Nurses, Certified Nursing Assistants and Institutional Aides within the limitations period.

95. The limitations period for the WHL is two years.

96. The limitations period for the WPL is six years.

97. As the members of the Class potentially exceed three hundred (300) in number, joinder of all members is impracticable.

14

98. Defendants have acted or have refused to act on grounds generally applicable to the Class, in particular failing to account for various required items in determining the premium pay due Class members and in failing to pay Class members for stay-over time.

99. This case involves the resolution of common questions of law and fact affecting all members of the Class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a.  whether Class members are employees covered by the WHL and the WPL;

   b.  whether the Defendant is an employer covered by the WHL and the WPL;

   c.  whether the Defendant recorded the time at which the members of the Class began and finished working for the Defendant;

   d.  whether the Defendant included such items as shift differential, payment for working as the charge nurse, and/or longevity pay in calculating the regular hourly wage to be used for computing premium pay under the WHL;

   e.  whether the Defendant was and is required to include such items as shift differential, payment for working as the charge nurse, and/or longevity pay in calculating the

regular hourly wage to be used for premium pay under the WHL; and

    f. whether the Defendant paid the Class for stay-over time and, if not, whether it was required to do so under the WHL and the WPL.

100. The Individual Plaintiffs' claims are typical of those of the members of the Class in that:

    a. Like the members of the Class, the Individual Plaintiffs each worked for the Defendant and received premium pay for hours worked in excess of 40 in a week, without such premium pay including shift differential, charge nurse pay and longevity pay;

    b. Like the members of the Class, the Individual Plaintiffs worked stay-over time but did not receive pay for such work;

    c. The Defendants' conduct which the Individual Plaintiffs challenge is the same conduct which has adversely affected the other members of the Class.

101. The Individual Plaintiffs will fairly and adequately represent and protect the interests of the Class because the nature of their claims are the same as those of the members of the Class.

102. The Individual Plaintiffs will fairly and adequately represent and protect the interests of the Class because the Individual

Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

103. There is no conflict between the Individual Plaintiffs and the members of the Class.

104. This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of the Defendant, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

105. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant who opposes the Class.

106. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact as described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the Class have been damaged and are entitled to

recovery as a result of the Defendant's common and uniform policies, practices, and procedures which violate the law as set forth in this Complaint.

## CAUSES OF ACTION

### COUNT I (FLSA)

107. The Individual Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

108. The Defendant's actions violate the FLSA.

**WHEREFORE** the Individual Plaintiffs on behalf of themselves and the FLSA Group demand judgment of the Defendant

    a. declaring that its conduct violates the FLSA;

    b. awarding Plaintiffs their damages;

    c. providing Plaintiffs liquidated damages;

    d. allowing a service award to one or more of the Individual Plaintiffs;

    e. granting Plaintiffs their attorney's fees and costs; and

    f. making such additional relief as is fair and just.

### COUNT II (WHL)

109. The Individual Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

110. The Defendant's actions violate the WHL.

**WHEREFORE** the Individual Plaintiffs on behalf of themselves and the Class demand judgment of the Defendant

    a. declaring that its conduct violates the WHL;

b. ordering that the Defendant cease and desist from conduct in violation of the WHL;

c. awarding Plaintiffs their damages together with interest;

d. allowing a service award to one or more of the Individual plaintiffs;

e. granting Plaintiffs their attorney's fees and costs; and

f. making such additional relief as is fair and just.

### COUNT III (WPL)

111. The Individual Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

112. The Defendant's actions violate the WPL.

**WHEREFORE** the Individual Plaintiffs on behalf of themselves and the Class demand judgment of the Defendant

a. declaring that its conduct violates the WPL;

b. ordering that the Defendant cease and desist from conduct in violation of the WPL;

c. awarding Plaintiffs their damages together with interest;

d. allowing a service award to one or more of the Individual Plaintiffs;

e. granting Plaintiffs their attorney's fees and costs; and

f. making such additional relief as is fair and just.

Dated: June 18, 2014 /s
DAVID TYKULSKER, Esq.
DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, NJ 07042
(973) 509-9292 (Telephone)
(973) 509-1181 (Facsimile)
Attorneys for Plaintiffs

19

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all issues so triable.

Dated: June 18, 2014

/s
DAVID TYKULSKER, Esq.

**CERTIFICATION REGARDING OTHER ACTIONS AND PARTIES**

Pursuant to L.Civ.R. 11.2, the undersigned is unaware of any other action, arbitration or administrative claim related to the matters in controversy set forth in the instant Complaint.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on June 18, 2014.

/s
DAVID TYKULSKER, Esq.